**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 19-4859**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD MOORE, JR.,

Defendant - Appellant,

———————

**No. 19-4861**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD MOORE, JR.,

Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:01-cr-00007-BO-2; 5:18-cr-00405-BO-1)

———————

Submitted:  March 6, 2023                    Decided:  April 3, 2023

———————

Before NIEMEYER and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Leonard K. Champaign, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Moore, Jr., was convicted after a jury trial of Hobbs Act robbery of One Main Financial on October 19, 2016, in violation of 18 U.S.C. § 1951 (count 1), discharging a firearm during and in relation to the crime of violence charged in count 1 on October 19, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (count 2), possession of a firearm by a convicted felon on October 19, in violation of 18 U.S.C. §§ 922(g)(1), 924 (count 3), armed bank robbery of Bank of America on November 10, 2016, in violation of 18 U.S.C. § 2113(a), (d) (count 4), discharging a firearm during and in relation to the crime of violence charged in count 4 on November 10, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (count 5), possession of a firearm by a convicted felon on November 10, in violation of 18 U.S.C. §§ 922(g)(1), 924 (count 6), armed bank robbery of Bank of America on December 7, 2016, and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(a), (d) (count 7), discharging a firearm during and in relation to the crime of violence charged in count 7 on December 7, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii) (count 8), possession of a firearm by a convicted felon on December 7, in violation of 18 U.S.C. §§ 922(g)(1), 924 (count 9), and possession of a firearm by a convicted felon on December 12, 2016, in violation of 18 U.S.C. §§ 922(g)(1), 924 (count 10). The district court sentenced Moore to a total of 1,260 months' imprisonment. After imposing this sentence, the district court revoked Moore's supervised release imposed following his convictions for carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2119, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii), and sentenced him to a

3

concurrent term of 51 months' imprisonment. In these appeals from the criminal judgment and the revocation judgment, Moore challenges the sufficiency of the evidence supporting his convictions on counts 1 through 10 and the reasonableness of his 1,260-month prison term. We affirm.

"A defendant who challenges the sufficiency of the evidence faces a heavy burden." *United States v. Small*, 944 F.3d 490, 499 (4th Cir. 2019) (internal quotation marks omitted). "Although we review challenges to the sufficiency of evidence de novo, our role is limited to considering whether there is substantial evidence, taking the view most favorable to the Government, to support the conviction." *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up). "We do not reweigh the evidence or the credibility of witnesses, but assume that the jury resolved all contradictions in the testimony in favor of the Government." *Id.* (internal quotation marks omitted). "This high burden reflects our reluctance to overturn the jury's verdict in all but the most egregious cases." *Id.* at 232-33.

Although Moore argues that the evidence is not sufficient to support his convictions, he does not explain why this is so with respect to his conviction on count 10. Moore, further, does not dispute that the Government provided sufficient evidence to show that the robber's conduct met the elements for each of counts 1 through 9. He argues, rather, only that his identity as the person who committed these offenses was not sufficiently established. We conclude, however, after reviewing the evidence adduced, that it was

4

sufficient for a reasonable finder of fact to conclude that Moore was the robber, aider and abettor, firearm discharger, and firearm possessor at issue in counts 1 through 9.

Turning to Moore's challenge to his 1,260-month prison sentence, we "review[] all sentences-whether inside, just outside, or significantly outside the Guidelines range-under a deferential abuse-of-discretion standard," *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted), for procedural and substantive reasonableness, *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). In evaluating procedural reasonableness, we consider whether the district court properly calculated the defendant's Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* When rendering a sentence, the district court must make an individualized assessment based on the facts presented, state in open court the reasons supporting its chosen sentence, address the parties' nonfrivolous arguments in favor of a particular sentence and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "A sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively [substantively] reasonable." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted). "On appeal, such a

presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (cleaned up).

Moore does not dispute that the district court properly calculated his Guidelines range on counts 1, 3, 4, 6, 7, 9, and 10 and his Guidelines sentences on counts 2, 5, and 8, and the district court properly heard Moore's allocution and afforded counsel opportunities to argue. Moore asserts that the district court failed to provide an adequate explanation for its sentencing decision, but we reject this argument. The court explained that the 1,260-month prison term was warranted in light of the nature and circumstances of Moore's offense conduct and his history and characteristics, *see* 18 U.S.C. § 3553(a)(1). Contrary to Moore's argument, the court's explanation was sufficient to support the imposition of this term. On substantive reasonableness, Moore does not point to any factors overcoming the presumption of reasonableness afforded his within-Guidelines prison term. Although Moore summarily asserts that the district court did not adequately account for his history and characteristics in imposing sentence, he does not explain why this is so. Moore, further, offers no argument challenging the revocation judgment.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*